Death Opinion



 




 








IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 

 




No. AP-75,500




 


Ex parte RICKY EUGENE KERR, Applicant

 







On Application for Writ of Habeas Corpus,

Cause No. 94-CR-7019 of the 290th Judicial District Court,

Bexar County





Womack, J., delivered the opinion of the Court, in which Meyers, Price, Johnson,
Keasler, Holcomb, and Cochran, JJ., joined. Keller, P.J., dissented. Hervey, J.,
did not participate.


 This is an application for writ of habeas corpus filed pursuant to the provisions of Article
11.071 of the Texas Code of Criminal Procedure.

 On November 16, 1995, the applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed the
applicant's conviction and sentence on direct appeal. (1)

 In his application, the applicant presented five allegations in which he challenged the
validity of his conviction and resulting sentence. The trial court held an evidentiary hearing and
entered findings of fact and conclusions of law.

 We asked the parties to brief two issues: (1) How should the trial court decide the
question of prejudice under a Wiggins/Strickland claim of ineffective assistance? and (2) Once a
trial court decides the issue of prejudice and makes findings of fact and conclusions of law, what
standard should this court use in determining whether those findings and conclusions are
appropriate?

 On the first issue, we looked to Strickland v. Washington, (2) in which the Supreme Court
created a two-part test for evaluating ineffective assistance of counsel claims under the Sixth
Amendment. In order to show that counsel's assistance was so defective as to require reversal, a
defendant must show both that counsel's performance was deficient, and that this deficient
performance prejudiced the defense. 

This requires a showing that counsel's errors were so serious as to
deprive the defendant of a fair trial, a trial whose result is reliable.
Unless a defendant makes both showings, it cannot be said that the
conviction or death sentence resulted from a breakdown in the
adversary process that renders the result unreliable. (3)


 In Wiggins v. Smith, (4) the Supreme Court applied this two-part test to an allegation of
ineffective assistance of counsel for the failure to adequately investigate and present mitigation
evidence during a capital-murder trial. The Court emphasized that Strickland does not require
counsel to "investigate every conceivable line of mitigating evidence no matter how unlikely the
effort would be to assist the defendant at sentencing," nor does it require counsel to present
mitigating evidence in every case. (5) In reversing the sentence of death, the Court stated that the

available mitigating evidence regarding the defendant's troubled history was stronger, and the
State's evidence in support of the death penalty far weaker, than a previous case in which the
Court found prejudice. (6) It concluded that the available mitigation evidence which was not
presented during sentencing might well have influenced the jury's appraisal of the defendant's
moral culpability. (7) This undermined confidence in the sentence of death. (8)

 We noted several opinions in which this court has discussed the applicability of the
Strickland/Wiggins test to the Texas capital punishment framework. (9) We articulated this standard
recently in Ex parte Gonzales: (10)

[Under Strickland] an applicant must show that there was a
reasonable probability that, absent the errors, the jury would have
concluded that the balance of the aggravating and mitigating
circumstances did not warrant death. Texas' capital sentencing
scheme does not involve the direct balancing of aggravating and
mitigating circumstances. It asks the jury to answer a mitigation
issue. We have adapted the Supreme Court's prejudice test to
require a showing that there is a reasonable probability that, absent
the errors, the jury would have answered the mitigation issue
differently. 'A reasonable probability is a probability sufficient to
undermine confidence in the outcome.' (11) 


 We remanded the case to the convicting court for the judge of that court to apply the
Gonzales standard. In our order of remand, we said, "Since the trial court had the benefit of
directly observing the entire habeas proceeding, one which lasted nearly two weeks, it is in the
best position to weigh this issue and determine the issue of prejudice under the standard that we
have stated."

 On remand, the judge found that trial counsel failed to prepare for the punishment stage
of the trial because they believed the jury would not find the applicant guilty. They were not
aware of "compelling evidence of physical and emotional abuse, familial violence, wretched
treatment of the defendant by his father, alcoholism, the mental retardation of siblings, drug
abuse, a history of head injuries, learning disabilities, and possible fetal alcohol syndrome."

 The judge concluded, by asking, "Would the jury have reached a different conclusion
knowing about some or all of these mitigating factors?" 

 We agree that this is the issue.

 The judge continued, "This of course, is the hardest question to answer since it involves
a prediction concerning an event which never happened. Considering the fact that the jury never
heard any mitigating evidence, when plenty of it existed, this court cannot conclude that [the
applicant] received a fair hearing on the issue of punishment." She recommended that relief be
granted.

 "In post-conviction habeas-corpus review, this Court is the ultimate fact finder.
Nevertheless, the convicting court is the 'original factfinder' in post-conviction habeas corpus
proceedings, and as a matter of course this Court pays great deference to the convicting court's
recommended findings of fact , as long as they are supported by the record, particularly in
those matters with regard to the weight and credibility of the witnesses ." (12) When this court's
independent review of the record reveals that the trial judge's findings and conclusions are not
supported by the record, the Court of Criminal Appeals may exercise its authority to make
contrary or alternative findings and conclusions. (13)

 In this case, the judge's findings and conclusions are supported by the record, and we
accept them.

 Relief is granted as to the judgment of death and the sentence. The applicant is remanded
to the custody of the Sheriff of Bexar County for a new punishment hearing and other
proceedings consistent with this opinion.


Delivered April 1, 2009.

Do not publish.
1. Kerr v. State, No. 72,261 (Tex. Crim. App. June 18, 1997). 
2. 466 U.S. 668 (1984).
3. Id., at 687. 
4. 539 U.S. 510 (2003).
5. Id., at 533.
6. Id., at 537-38 (referring to the Court's holding in Williams v. Taylor, 592 U.S. 362 (2000)). 
7. Id., at 538. 
8. Id., at 534.
9. Ex parte Martinez, 195 S.W.3d 713 (Tex. Crim. App. 2006) and Ex parte Woods, 176 S.W.3d 224 (Tex. Crim.
App. 2005).
10. 204 S.W.3d 391 (Tex. Crim. App. 2006).
11. Id., at 393-94 (internal citations omitted).
12. Ex parte Van Alstyne, 239 S.W.3d 815, 917 (Tex. Cr. App. 2007).
13. Ex parte Reed, -- S.W.3d -- (Tex. Cr. App. AP-75,693, December 17, 2008).